IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MARTIN LUSTGARTEN-ACHERMAN,<br>Defendant | CRIMINAL NO.: 15-CR-10046-LTS |

**MOTION FOR RECONSIDERATION OF ORDER OF PRE-TRIAL DETENTION**

NOW comes the Defendant Martin Lustgarten-Acherman ("Defendant"), by and through his undersigned counsel, Nathan P. Diamond, Esquire, and hereby respectfully moves this court pursuant to 18 U.S.C. §3145(b) to reconsider the order of the Magistrate Court in the Southern District of Florida of April 13, 2015, ordering the pre-trial detention of the Defendant in this case.

In support thereof, the Defendant hereby avers and states as follows:

1. The Defendant is charged by way of indictment including the following counts and offenses: (a) Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §1956(h); (b) Conspiracy to Obstruct and Obstructing an Official Proceeding, 18 U.S.C. §1512(k) and §1512(c)(2), respectively; and (c) a related Forfeiture count.

2. Magistrate Edwin Torres in the Southern District of Florida conducted a pre-trial detention hearing on April 13, 2015.

3. Magistrate Torres at the conclusion of the hearing indicated that he was considering high corporate surety bail, but did ultimately declined to do so. He found, "I could

see though, where the court in Massachusetts could fashion … there is some way to house him in Massachusetts pending the duration of the bond ... and that they can come up with an alternative to detention if he is adequately secure up there."   (P 28, Tr. - Pre-Trial Detention Hearing. DE).

4. Defendant fully cooperated with the court in all of the proceedings in the Southern District of Florida, including his waiving removal to this District. [Pre-Trial Detention Hearing, DE ].

5 Defendant requests this Honorable Court to conduct a *de novo* review of the existing detention order, and further order that he now be admitted to bail pending trial, as recommended by Pre-Trial Services, upon such release conditions as the court may deem reasonable and appropriate.

6. Defendant hereby appeals the order of the Magistrate in the Southern District of Florida, and as adopted without a hearing by the Magistrate Court here in the District of Massachusetts, during his initial appearance and arraignment on April 7, 2015.

7. Defendant hereby requests an evidentiary hearing in order to allow him to present facts and circumstances sufficient for this court to fashion a release order for bail with sufficient terms and conditions to assure the appearance of the Defendant at all further court proceedings.

## I.   FACTS AND BACKGROUND

The government proffered at the pre-trial detention hearing before Magistrate Edwin Torres in the Southern District of Florida, *inter alia*, that the indictment of the Defendant Martin Lustgarten-Acherman alleges that he conspired to launder U.S. dollars from illegal sources, including the proceeds of drug trafficking, at a lower price or exchange rate, and then selling

these U.S. dollars from illegal sources for Venezuelan bolivars at a substantially higher price or exchange rate on the black or parallel market in Venezuela. The indictment further alleges that the "OBJECT OF CONSPIRACY" was to conceal the wiring and movement of U.S. dollars derived from illegal sources, including drug trafficking, by falsely representing them to be loan repayments and capital investments through multiple international companies and bank accounts in Florida, New York, Panama, Hong Kong and Singapore. While the government appears to accuse Mr. Lustgarten-Acherman of being involved with an unrelated group of companies referred to as the "Rosemont Accounts," they clearly are differentiated from any of Mr. Lustgarten- Acherman's accounts. (See P. 5, ¶12, First Superseding Indictment).

Counts II and III of the Indictment allege violations of 18 U.S.C. §1512(k), and 15(c)(2), conspiring to obstruct an official proceeding, and the obstruction of an official proceeding, respectively. However, of greater importance and significance is the fact that they relate to the prior investigation of the so-called Rosemont accounts. These were, interestingly enough, all accounts fully investigated by the government in the past. However, the end result being that they entered into a settlement resulting in the return to Mr. Lustgarten-Acherman and other related entities of approximately 85% of the monies originally sought by the government to be forfeited.

The government did not put any witness testimony at the detention hearing before Judge Torres, and therefore it was only the defense that called a witness. It was demonstrated to Judge Torres through the testimony of special Agent Philip Lavoie, Boston Division of Homeland Security, that Mr. Lustgarten-Acherman was participating in purchase order financing, used in the procurement of durable and consumer goods and venture capital

investment. It further become clear that Mr. Lustgarten-Acherman was in constant communication with government agencies regarding his activities and those of others. In addition, when Agent Lavoie was questioned about intercepted communications between Mr. Lustgarten- Ackerman and others, he indicated throughout that all of the transactions needed to be consistent/compliant with law, or as has been consistently characterized in numerous conversations of the Defendant, they all [business transactions] had to be "Kosher" – otherwise the Defendant would not enter into them. When any of those proposed transactions raised any doubt as to the other party or source of money, the matter was immediately referred by the Defendant to the various governmental agencies, both federal and state, for their information and follow-up!

## II. THE DEFENDANT MEETS THE CONDITIONS FOR PRE-TRIAL RELEASE

"In our society, liberty is considered a right and the norm. The government must convince a neutral decision maker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person," in order to justify detention before trial. "Any detention prior to trial or without a trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987)(affirming the constitutionality of the Bail Reform Act of 1984, 18 U.S.C. §3141, et seq., based upon the "extensive safeguard" it provides to defendants). The Bail Reform Act "carefully limits the circumstances under which detention may be sought to the most serious crimes." Id. at 747, citing 18 U.S.C. §3142(f). Only in an "exceptional case" may bail be denied. United States v. Abrahams, 575 F. 2nd 3, 8 (1st Cir. 1978). It requires the release of a person facing trial under the least restrictive conditions, or

combination of conditions, that will reasonably assure the appearance of the defendant and the safety of the community. United States v. Byrd, 969 F. 2d 106, 109 (5th Cir. 1991)("Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor."). The factors that should be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community are set forth in §3142(g). When called upon to conduct a review under 18 U.S.C. §3145(b), a District Court should reach a *de novo* conclusion regarding any pretrial detention order, and not simply defer to the Magistrate Judge's prior decision. United States v. Fortna, 769 F. 2nd 243, 249 (5th Cir. 1985); United States v. Leon, 766 F. 2nd 77, 80 z(2nd Cir. 1985).

In these circumstances is it pure sophistry and all too convenient for the government to argue as justification for detention that the Defendant is not a United States citizen. There is no argument that the Defendant does hold and enjoy dual citizenship in both Austria (through his wife), and Venezuela (place of birth), but he also spends a lot of time here in the United States. The Defendant has a valid tourist and business visa to enter and remain in the United States lawfully for extended periods of time, and also has extended family living, working and attending school here. This is not a case where the Defendant entered this country surreptitiously and/or illegally. The Defendant's status in the United States in these particular circumstances cannot in all fairness be used as a proper reason to detain him. There is no doubt that if granted bail with release conditions, the court's order and conditions of bond would *de facto* allow and require Mr. Lustgarten-Acherman to stay here in the United States pending the resolution of this case.

Accordingly, 18 U.S.C. § 3142(g) contains the pertinent factors that this court should consider in determining whether there are any conditions of release that would assure the Defendant's appearance:

> ***(g) Factors to be considered. --*** *The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community, take into account the available information concerning --*
>
> ***(1) the nature and circumstances of the offense charged****, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;*

Mr. Lustgarten-Acherman is not charged with a crime of violence, terrorism or any of the other enumerated offenses in subsection one of this statute that could give rise to a finding that there are no conditions that could reasonably assure Martin's appearance.

> ***(2) the weight of the evidence against the person****;*

The government did not present at the detention hearing any witness, testimony or documentary evidence that Mr. Lustgarten-Acherman was actually involved or participated in any of the crimes charged.

The government merely argued with bald conclusions (not facts) in its motion, and kept intimating without any proof whatsoever, that the subject purchase order financing business of the Defendant was somehow tied into or related to laundering

money for narcotics traffickers, and doing so while not presenting even the slightest proof thereof.

***(3) the history and characteristics of the person, including****--*

> ***(A)*** *the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and*
>
> ***(B)*** *whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and*

***(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release****. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.*

The government did not seek detention based on danger to the community at the pre-trial detention hearing before the Magistrate Judge. This fact was specifically noted by the Magistrate Judge. There is simply no evidence before this court, or any other, that Martin Lustgarten-Acherman is in any way a danger to the community. Therefore, subsection 4 of the statute is not applicable.

The Defendant has no prior criminal history and it should be noted that he has long-standing substantial ties to the Southern District of Florida as a property owner, and the fact that he has members of his extended family that reside and work in South Florida. As indicated in the Pre-Trial Services Report, and the transcript of the detention hearing, the Defendant also has community ties locally here in the District of Massachusetts, with a daughter who just finished her first year undergraduate at Boston University, and another daughter who is a recent graduate of Bentley College.

There are numerous family and extended family members in Florida with substantial real estate properties who are ready, willing and able to act as co-sureties for the Defendant's pertinent bail conditions, if applicable. The Defendant is also prepared to present before this court all such witnesses who agree to act as co-signers on the bond, each and every one of whom all have substantial ties to the United States and South Florida, and who all have substantial real property assets to collateralize a reasonable bond, including but not limited to his brother, and a brother-in-law who is a duly licensed practicing physician in the Miami area.

Under the applicable statutory standards and factors, and the supporting facts set forth herein and elicited at the pre-trial detention hearing of the Defendant, he is qualified

and entitled to this court's consideration for a release upon a bond with conditions. Most importantly, there was nothing contained or asserted in the government's motion that refuted the conclusion and recommendations of the Pre-Trial Services that release with conditions be allowed. No evidence or proof was offered to rebut the presumption that the Defendant will indeed fully comply with all safe, secure and proven bail conditions that may be imposed by this court, including such highly effective precautions such as electronic monitoring, and/or home confinement. Additionally, the Defendant's passports are presently in the possession of the government and/or their agents, and he is certainly willing to stipulate and agree that they remain in their possession until further order of this court. Other than expressing a factually unsupported and subjective concern that the Defendant would or could flee, there simply is no supporting evidence contained in the government's motion for detention to substantiate that there exists any real likelihood of any of those events ever happening.

    Finally, on a more practical level justifying consideration for bail with conditions, at the Defendant's arraignment the government appropriately pointed out to the Magistrate Judge the fact that this "was no ordinary case" in terms of the volume of discovery to be produced and accordingly they requested and were granted additional time to provide same to defense counsel. However, any careful review of these extraordinarily expansive volumes of documents and financial records will of necessity require counsel to spend a considerable amount of time with the Defendant in the preparation of any meaningful and knowledgeable defense – which the Defendant is certainly entitled to.

Therefore, the Defendant's continued detention at the Wyatt Detention Center would greatly hinder, if not make impossible as a practical matter, the ability of the undersigned lead trial counsel, who is based in Miami, Florida, to have this opportunity to prepare an "effective" defense of these charges. A more practical alternative is to grant the Defendant's requested release on bail with conditions. The Defendant does have access a condominium residence in Miami, and it is a place where as a bail condition he would agree to remain confined, other than for any necessary medical attention (suffers from and is under treatment for high blood pressure), and of course the essential visits and time that he would spend at the office of the undersigned counsel.

WHEREFORE, The Defendant respectfully moves this Honorable Court to reconsider it's existing order for the pre-trial detention of the Defendant in this matter.

Respectfully submitted,

NATHAN P. DIAMOND, P.A.
888 Biscayne Boulevard, Suite 501
Miami, Florida 33132
(305) 371-5300
Fax: (305) 371-6966
attydiamon@aol.com

By: *S/Nathan P. Diamond*
NATHAN P. DIAMOND, ESQUIRE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: *S/Nathan P. Diamond*
NATHAN P. DIAMOND, ESQUIRE