UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
15-10046-LTS


UNITED STATES OF AMERICA

v.

MARTIN LUSTGARTEN ACHERMAN


**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO RECONSIDER ORDER OF PRE-TRIAL DETENTION**

June 16, 2015

DEIN, M.J.

### I.  MOTIONS RELATING TO DETENTION

The defendant is charged in an indictment with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k), and obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).  The defendant was arrested in Florida and an initial appearance was held there.  The government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(a) on the ground of risk of flight.  A detention hearing was held on April 13, 2015 before Magistrate Judge Edwin G. Torres who found, as detailed in a written decision, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The defendant was brought to Massachusetts and arraigned before this court on May 7, 2015. At that time, the defendant requested that the issue of pre-trial detention be reconsidered, and he filed a motion to that effect on May 15, 2015.  (Docket No. 42).  The basis for the motion was that there is, in the defendant's view, serious weaknesses in the government's case.  The motion for reconsideration was opposed by the government.  After it was fully briefed, the court heard oral argument on June 3, 2015 and granted the defendant a further hearing on the issue of pretrial detention.  As detailed more

fully at the hearing, this court allowed the motion because the Magistrate Judge in Florida had indicated

during the hearing there that there was a possibility that the Massachusetts court may be able to

fashion conditions of release.  In addition, this court felt that some evidence on the merits was

necessary in order to evaluate the merits of any proposed conditions.  However, this court did not find

that there were changed circumstances warranting the full reopening of the hearing.  See 18 U.S.C.

§ 3142(f)(2) (a detention hearing may be reopened "if the judicial officer finds that information exists

that was not known to the movant at the time of the hearing and that has a material bearing on the

issue whether there are conditions of release that will reasonably assure the appearance of such person

as required. . . .").

By agreement, a hearing was held on June 12, 2015, at which time no witnesses were called and

the parties proceeded by way of proffer.  Various members of the defendant's family were present in

the courtroom.  The defendant proposed that he be released on electronic monitoring to live in Florida,

and that real estate proffered by various family members, along with any bond the court ordered, be

posted.  After consideration of all the evidence presented and arguments of counsel, this court

concluded that no condition or combination of conditions could be fashioned that would reasonably

assure the appearance of the defendant as required.  Therefore, the defendant was ordered to remain

detained.  This opinion explains the court's decision more fully.

## II.  THE BAIL REFORM ACT

A.      Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall

order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon

execution of an unsecured bond; (2) released on a condition or combination of conditions; (3)

temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4)

detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions [set forth under § 3142(b) or (c)] will reasonably assure . . . the safety of any other person and the community," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.      The government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. § 3142(f).

C.      In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(1)      the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2)      the weight of the evidence against the accused;

(3)      the history and characteristics of the person, including --

(a)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b)      whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state or local law; and

(4)      the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

### III.   DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." United States v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  "Where risk of flight is unusually great, a court may deny bail and keep a defendant in custody in order to insure that the trial will take place." United States v. Acevedo-Ramos, 755 F.2d 203, 206 (1st Cir. 1985), and cases cited.  Based on the record before me, this is such a case.

### A.      The Offense Charged and Weight of the Evidence

The defendant's Indictment followed a multi-year investigation of a complex, international, money laundering scheme involving millions of dollars of funds from drug cartels and paramilitary organizations in South America.[1]  As the government accurately summarized the Indictment:

> the Indictment alleges that Lustgarten controlled numerous foreign bank accounts located in Hong Kong, Singapore, Panama, and elsewhere, that he used those accounts to receive millions of U.S. dollars that were the proceeds of drug trafficking in the United States, and that he concealed the nature, source, and ownership of drug money. (Indictment ¶¶ 2-5, 10, 12).  Lustgarten also is charged with obstructing an official proceeding by providing false information to federal investigators from the Drug Enforcement Administration, the Department of Homeland Security, and Homeland Security Investigations, about the nature and scope of his involvement with co-defendant Salomon Bendayan.  (Indictment ¶¶ 11, 13 & Counts II and III).

---

[1] The defendant argues that his phone was never the subject of any wiretap orders, although there were such orders issued in connection with the investigation.  At this stage in the litigation, this court does not find this fact to be significant, since the defendant was recorded in conversations on phones that were tapped.

Gov't Opp. to Motion for Reconsideration (Docket No. 46) at 2.  Based on the evidence presented at the

detention hearing in Florida, the Magistrate Judge found as follows:

> Defendant was arrested a week prior to his detention hearing, after law enforcement
> had been investigating Defendant for several years based on his involvement at the
> center of a complex web of foreign companies operating under the guise of a "purchase-
> order financing" company to make otherwise illegal wire transfers.  Defendant utilized
> bank accounts in at least five countries spanning three continents as part of his illegal
> enterprise, and is responsible for laundering anywhere between $40 million and $100
> million for drug cartels and paramilitary organizations in South America.  Agents
> conducted wiretap intercepts of communications in the United States and Colombia,
> executed search warrants on email accounts, and conducted in person interviews in
> their investigation of this case.
>
> Furthermore, the Defendant's companies made it appear that they were assisting law-
> abiding clients with the transmission of U.S. currency in and out of Venezuela, getting
> past local government restrictions.  Defendant lied to potential clients who were
> interested in laundering drug proceeds by falsely claiming to have DEA permission to
> move such funds.  Defendant also lied to investigators from the DEA, HIS, and the U.S.
> Attorney's Office in Boston, Massachusetts.  The Government knows that Defendant has
> made patently false statement [sic] to investigators.

Detention Order at 2-3.

In the instant case, in addition to the allegations in the Indictment, the government submitted a

chart purporting to identify some of the foreign accounts associated with the defendant through which

funds were laundered.  The chart (Exhibit 1) identifies accounts in Hong Kong, Panama, Switzerland and

Singapore, and funds flowing out of these accounts in excess of $500 million.  In addition, the

government submitted the transcript of a texting conversation between the defendant and a Swiss

banker, who the government has named as an unindicted co-conspirator.  (Exhibit 2).  Therein, the

defendant seems to brag that he enjoys "a very high level of protection" because he turned in several

drug dealers to federal agents.  He also seems to acknowledge being familiar with the business of others

(including drug dealers) in whom the government has expressed an interest.  He indicated further that

there were some he was willing to discuss with the government, and others about whom he has "kept

quiet."

[5]

The defendant (through counsel) argued strenuously at the detention hearing that the government's evidence was very weak, and that he was a legitimate businessman engaged in the business of assisting those doing business in Venezuela.  He also argued that there was compelling evidence that the defendant did not know that he was doing business with any drug traffickers or others engaged in unlawful activities.  The defendant submitted an excerpt from a grand jury transcript (Exhibit 3) in which the investigating agent testified that in none of the wiretaps did the defendant mention that the money involved was drug money.  He further points to another situation in which assets of his which were seized by the government were returned to him.

This court makes no attempt to pre-judge the outcome of this case.  For present purposes, it is sufficient to note that the defendant has raised nuanced challenges to the government's interpretation of complex financial arrangements.  The allegations of error in the government's assessments are not so clear that they negate, at this stage, the strength of the government's case.  Moreover, any assessment of the defense in this case at this time is affected by the government's charge that the defendant has provided it with false information in the past.  The Indictment, itself, establishes probable cause that the defendant committed the charged offenses.  At this stage of the proceedings the evidence against the defendant is strong and supports his pre-trial detention.

**B.**     **History and Characteristics of the Defendant**

The defendant, age 49, was born in Venezuela.  He is a citizen of Venezuela and Austria and maintains passports from both countries.  Venezuela does not have an extradition treaty with the United States.  The defendant argues, however, that he has not been in Venezuela for many years and has no intention of returning there.  The defendant does routinely travel throughout the world for business and pleasure.  He is a college graduate and works in financing.

The defendant has been living in Florida.  He owns a residence in Florida which he bought in 2010 for $290,000, including $90,000 down and the rest mortgaged.  The same year, he purchased a

residence in Panama for close to $1 million which was paid for in full.  He reports limited cash in the

United States banks, income of $30,000 per month and expenses of $20,000 per month.  As noted

above, the government has submitted evidence that the defendant, either alone or with another,

controls bank accounts in various countries worth hundreds of millions of dollars.

The defendant is married and has two adult children – one of whom lives at home in Florida and

another who is attending school in Boston.  The defendant has three siblings, a brother in Florida, a

brother in Venezuela and a sister in Panama.  His parents are deceased.  His brother from Florida and his

wife's family have offered to post their homes or other property totaling more than $1 million as surety

if he is released.

The government says that it has evidence that since the defendant was arrested, his family has

attempted to close several bank accounts, and that the government has located additional bank

accounts about which they were previously unaware.

### C.   Evaluation of Factors

The record evidence before this court warrants a conclusion that no condition or combination of

conditions -- short of pretrial detention -- would reasonably assure that the defendant would not flee.

As the Magistrate Judge ruled in Florida,

> This Court finds, based on a preponderance of the evidence – in particular the grand
> jury's probable cause finding that Defendant committed the offenses with which he is
> charged in this case, the Defendant's significant foreign ties, the sheer amount of money
> involved in this case, and the severity of the allegations against Defendant – the
> Defendant would pose a serious risk of flight if released.  18 U.S.C. § 3142(g)(3)(A).
> There are no conditions or combination of conditions that may reasonably assure
> Defendant's presence at trial, making detention appropriate.  18 U.S.C. § 3142(e).

Detention Order at 4.  In addition, this court adds that while the court is appreciative of the willingness

of family members to post their property, given the amount of money at issue in this litigation, the

posting of this property does not adequately serve as a deterrent to insure that the defendant will not

flee.

## IV.  <u>ORDER OF DETENTION</u>

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is

further Ordered --

(1)     That the defendant be committed to the custody of the Attorney General for

confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

(2)     That the defendant be afforded a reasonable opportunity for private

consultation with counsel; and

(3)     On order of a court of the United States or on request by an attorney for the

government, the person in charge of the corrections facility in which the defendant is detained and

confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any

appearance in connection with a court proceeding.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge
