UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 15-10046-LTS(s) |
| MARTIN LUSTGARTEN ACHERMAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States of America, by its attorneys Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys Katherine Ferguson and Linda M. Ricci, respectfully submits the following initial status report in the above-captioned matter. The government has not communicated with counsel for the defendant in preparing this memorandum.

1. The government is in the process of producing automatic discovery pursuant to Local Rule 116.1. The government made an initial production on June 3, 2015, and additional productions on June 12, 2015, June 16, 2015, and June 17, 2015. This case arose from a long-term investigation that involved multiple Title III wiretaps of targets in the United States and elsewhere. To date, the government has produced recordings of thousands of intercepted telephone calls, tens of thousands of pages of financial documents, DEA form 6 reports, and other materials. The government anticipates additional productions of DEA form 6 reports and financial materials in the coming days. The government has MLATs pending with several countries and also anticipates producing discovery received pursuant to those MLATs. At present, there are no pending discovery requests; however, the government understands that counsel is in the process of reviewing the discovery produced to date. The government understands that it has an ongoing and continuing duty to produce discovery.

2. As noted above, the government anticipates additional productions of discovery, including additional DEA reports, international wiretap materials, and financial documents.

3. The government understands that counsel reserves their right to request additional discovery at a later date to be set by the Court after counsel's review of materials produced to date has progressed further.

4. The defendant has agreed to a protective order limiting the disclosure of wiretap materials produced as a part of this investigation. All wiretap materials remain under seal. At this time, the parties do not believe any additional protective orders pursuant to Local Rule 116.5(a)(4) are necessary.

5. The government believes that it is too early to establish a motions date and request that a motions date be set at a future status conference.

6. The government request that the government's expert disclosures, if any, be due 30 days before trial, and that the defendants' expert disclosures, if any, be due 21 days before trial.

7. At this time, the defendant has not informed the government that he intends to offer a defense of insanity, public authority, or alibi.

8. The government requests that the period from June 18, 2015, until the date on which the court sets an interim status conference, be excluded under the Speedy Trial Act.

9. The government and the defendant have begun discussions regarding resolution short of trial. If this case were to go trial, the trial would likely last 5-10 days.

10. The government respectfully requests an interim status conference in approximately 60 days, subject to the Court's availability.

          Respectfully submitted,

          CARMEN M. ORTIZ
          UNITED STATES ATTORNEY

  By:  */s/ Katherine Ferguson*
      Katherine Ferguson
      Linda M. Ricci
      Assistant U.S. Attorneys

Dated: June 18, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

          */s/ Linda M. Ricci*
          Linda M. Ricci
          Assistant United States Attorney

Date: June 18, 2015